

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re BAY WEST KAILUA BAY, L.L.C., <br><br><br> Debtor. | Case No. 11-03124 <br> Chapter 7 <br><br> Re: Docket No. 179 |

## MEMORANDUM OF DECISION ON OBJECTION TO SUPPLEMENTAL DISCLOSURE

The question presented is whether the trustee's general counsel must be disqualified due to a prior representation. I conclude that the answer is no.

**I.     Background**

Jerry Lynch, Jonathan McManus, and Craig Vallely made investments together in various entities, real properties, and other assets. The debtor, Bay West Kailua Bay, L.L.C. ("BWKB"), was one of those entities.

Mr. Vallely died in February 2008, and his wife, Carol Ann Vallely, succeeded to Mr. Vallely's property, including his interest in BWKB and the other joint investments.

At his death, Mr. Vallely owned two condominium units in Waipahu and tenant-in-common interests in three condominium units at 2425 Kalakaua Avenue, Waikiki.

A main probate case for Mr. Vallely was opened in California. Because Mr. Vallely had interests in Hawaii real estate, it was also necessary to open an ancillary probate case in Hawaii state court. Mrs. Vallely retained Cades Schutte LLP to represent her in the ancillary probate case (but not in the main probate case). Cades Schutte, on behalf of Mrs. Vallely, opened the ancillary probate case in Hawaii and assisted her in transferring the Hawaii properties. Cades Schutte did not represent Ms. Vallely in any other matters.

Mrs. Vallely entered into an agreement with Mr. Lynch and Mr. McManus, effective as of October 1, 2009, to transfer all (or substantially all) of Mr. Vallely's interests in the joint investments to Mr. Lynch and Mr. McManus. The transferred interests included Mr. Vallely's interest in BWKB and (apparently) the 2425 Kalakaua Avenue condominium units.[1] The total purchase price was $4,500,000. The agreement called for a down payment of $800,000 in cash and payment of the balance of $3,700,000 pursuant to a promissory note secured by a pledge of the purchasers'

---

[1] The agreement refers to "50% ownership" of "Hotel Units (Bamboo Hotel)" in Waikiki. According to the inventory filed in the ancillary probate case, Mr. Vallely had a 50% interest in two of the condominium units at 2425 Kalakaua Avenue and a 49% interest in the third unit. According to Google, the Aqua Bamboo Hotel is located at 2425 Kalakaua Avenue.

2

interests in the purchased assets.

At or about the same time that they acquired Mr. Vallely's interest in BWKB, Mr. Lynch and Mr. McManus allegedly caused BWKB to transfer properties located in Temecula and Napa, California, to other companies under their control.

Cades Schutte's representation of Mrs. Vallely concluded in or around March 2011.

On October 31, 2011, BWKB filed a chapter 7 bankruptcy petition in the Eastern District of Virginia. On December 2, 2011, that court transferred venue to this court.

The chapter 7 trustee retained Cades Schutte as her counsel. Cades Schutte disclosed various connections with parties that had connections with BWKB, but did not disclose its prior representation of Mrs. Vallely. The court approved the retention.

On September 27, 2013, the trustee, represented by Cades Schutte, filed a complaint against Mr. Lynch, Mr. McManus, and companies allegedly affiliated with them. The complaint asserts that BWKB's transfers of the Temecula and Napa properties and certain cash to Mr. Lynch, Mr. McManus, and their companies were fraudulent transfers. The trustee does not challenge Mrs. Vallely's agreement with Mr. Lynch and Mr. McManus or her transfer of her inherited interest in BWKB to them. The trustee's complaint does not name her as a defendant, does not accuse her of any

3

U.S. Bankruptcy Court - Hawaii   #11-03124   Dkt # 190   Filed 11/05/14   Page 3 of 8

wrongdoing, and seeks no relief against her.

The adversary proceeding was set for trial on December 8, 2014. (The trial was later continued for other reasons.)

On September 23, 2014, prompted by the defendants, Cades Schutte filed a supplemental disclosure in which it disclosed its prior representation of Mrs. Vallely in the ancillary probate case. The trustee set the supplemental disclosure for hearing, and the defendants objected, arguing that Cades Schutte should be disqualified.

## II. Discussion

There are two issues: whether the defendants have standing to challenge the trustee's retention of Cades Schutte; and whether Cades Schutte is "disinterested" within the meaning of section 327 of the Bankruptcy Code, which turns in part on whether Cades Schutte has a disqualifying conflict of interest under the Hawaii Rules of Professional Conduct.

### A. Standing

The trustee argues that the defendants lack standing to object to her retention of Cades Schutte. The question is a close one. None of the defendants have filed proofs of claim, so none of them is a holder of an allowed claim or has a direct economic stake in this case. Because the court has an independent obligation to assure that estate professionals are disinterested, however, I will consider the defendants' arguments regardless of whether they have standing.

4

U.S. Bankruptcy Court - Hawaii   #11-03124   Dkt # 190   Filed 11/05/14   Page 4 of 8

## B. Disinterestedness

The trustee may employ an attorney if he does "not hold or represent an interest adverse to the estate" and if he is a "disinterested person."[2] A disinterested person may not have an interest "materially adverse" to the interests of creditors, the estate, or equity holders for any reason.[3] This definition seeks to avoid the appearance of impropriety.[4] Disqualification is appropriate where an attorney's prior representation creates a potential conflict of interest.[5]

The Hawaii Rules of Professional Conduct (HRPC) outline when attorneys have a conflict of interest.

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation, and confirms in writing.[6]

Mrs. Vallely is a former client of Cades Schutte and she has not consented to Cades Schutte's representation of the trustee.

A matter is substantially related "if the factual contexts of the two

---

[2] 11 U.S.C. § 327(a).

[3] § 101(14).

[4] *In re AFI Holding, Inc.*, 530 F.3d 832, 850 (9th Cir. 2008).

[5] *Id.* (citing *Chugach Elec. Ass'n v. U.S. Dist. Ct.*, 370 F.2d 441, 442-43 (9th Cir. 1996)).

[6] Hawaii R. Prof'l Conduct 1.9.

5

representations are similar or related."[7] To determine this, the court looks to the scope of the representation.

> [T]he underlying concern is the possibility, or appearance of the possibility, that the attorney may have received confidential information during the prior representation that would be relevant to the subsequent matter in which disqualification is sought. The test does not require the former client to show that actual confidences were disclosed. That inquiry would be improper as requiring the very disclosure the rule is intended to protect. . . . The inquiry is for this reason restricted to the scope of the representation engaged in by the attorney. It is the possibility of the breach of confidence, not the fact of the breach, that triggers disqualification.[8]

The Hawaii Supreme Court has followed this analysis.[9]

This adversary proceeding is not "substantially related" to the ancillary probate proceeding in which Cades Schutte represented Mrs. Vallely. The ancillary probate proceeding involved a transfer of the late Mr. Vallely's interests in certain Hawaii real estate. The adversary proceeding, in which Cades Schutte represents the trustee, involves transfers of other property from the debtor (not Mrs. Vallely) to other companies controlled by the defendants. In other words, this case is *not* about the transfers of assets from Mr. Vallely's estate to the defendants; rather, it is about what the defendants did with some of the assets *after* they got them from Mr. Vallely's estate. Cades Schutte had nothing to do with those later transfers.

---

[7] *Trone v. Smith*, 621 F.2d 994, 998 (9th Cir. 1980).

[8] *Id.* at 999 (emphasis added).

[9] *Otaka, Inc., v. Klein*, 71 Haw. 376, 386, 791 P.2d 713, 719 (1990).

6

U.S. Bankruptcy Court - Hawaii   #11-03124   Dkt # 190   Filed  11/05/14   Page 6 of 8

Mrs. Vallely expresses concern about Cades Schutte's use in this case of "whatever confidential information they may have obtained" during the firm's representation of Mrs. Vallely in the ancillary probate proceeding. There is no reason to think that Cades Schutte got any confidential information from Mrs. Vallely that the firm could use in its representation of the trustee. The trustee does not challenge the transactions to which Mrs. Vallely was a party. Rather, the trustee attacks subsequent transfers of certain assets in California (not the Hawaii assets that were the subject of the ancillary probate case), in transactions not involving Mrs. Vallely.

Rule 1.9 also prevents lawyers from "switching sides."

> Disqualification does not depend upon proof of the abuse of confidential information. Because of the sensitivity of client confidence and the profession's institutional need to avoid even the appearance of a breach of confidence, disqualification is required when lawyers change sides in factually related cases.[10]

Cades Schutte is not switching sides, because the trustee is not suing Mrs. Vallely, seeking any relief against her, or challenging the transactions to which Mrs. Vallely was a party.

The defendants also argue that there is a conflict because, if the trustee is successful, Mrs. Vallely will lose the collateral for Mr. Lynch's and Mr. McManus' debt to her. This is not correct. The trustee does not challenge any security interests Mr. Lynch or Mr. McManus gave to Mrs. Vallely. Rather, the trustee challenges the

---

[10] *Trone*, 621 F.2d at 1001.

U.S. Bankruptcy Court - Hawaii   #11-03124   Dkt # 190   Filed 11/05/14   Page 7 of 8

subsequent transfer of some of those assets. The adversary proceeding will not affect whatever rights Mrs. Vallely had in her collateral.

## III. Conclusion

For the foregoing reasons, I find that Cades Schutte LLP is disinterested and does not have a conflict of interest.

THEREFORE, the defendants' objection is OVERRULED.

**END OF MEMORANDUM**